IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

KENDRICK ROBINSON,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )        No. 22-2117-JPM-tmp
                                  )
SUNTRUST BANK,                    )
                                  )
        Defendant.                )
_____

REPORT AND RECOMMENDATION
_____

Before the court is a Motion to Dismiss for Failure to State a Claim by defendant Truist Bank, filed on March 2, 2022.[1] (ECF No. 7.) Plaintiff Kendrick Robinson responded to the motion on April 25, 2022. (ECF No. 15.) For the reasons set forth below, the undersigned recommends that Truist's motion be granted.

I.    PROPOSED FINDINGS OF FACT

Robinson's complaint states that on January 20, 2022, he went to a SunTrust Bank location on Hacks Cross Road in Memphis, Tennessee "to do a bank transaction for [his] business K Movers." (ECF No. 1-1 at 5.) He alleges that he had previously encountered "a negative attitude, unprofessional attitude from a certain African American bank teller and Manager." (Id.) Robinson and this

---

[1]Robinson sued SunTrust Bank, which no longer exists after a merger with BB&T and a subsequent name change to the successor entity. SunTrust Bank is now known as Truist Bank. (ECF No. 1 at 3.)

teller then "had a disagreement" which led to him being asked to leave the bank. (Id.) He complied. (Id.)

Later, Robinson went to a different SunTrust location "for my normal business transactions and to file a complaint against the SunTrust bank located on Hacks Cross in Memphis, TN for being rude and unprofessional." (Id.) The teller at this SunTrust branch told Robinson that someone would contact him about the complaint within "a day or two." (Id.) He was then told that his account was going to be closed in two days, but was never given a reason for the closure. (ECF No. 1-1 at 5.)

As a result of this, Robinson alleges that he has suffered "tremendous distress." (Id.) Specifically, he states that the closure of his account has caused "mental anguish because [he] cannot access [his] account for payroll." (Id.) He has also encountered issues getting business done with vendors. (Id.) He finally argues that he is "owed a duty of care by the bank as to why they are closing [his] account." (Id.)

Robinson filed suit in Tennessee state court on February 7, 2022. (ECF No. 1-1 at 2.) On February 24, 2022, Truist filed a Notice of Removal and brought the case to federal court. (ECF No. 1.) They filed the present motion on March 2, 2022, arguing that Robinson's complaint fails to state a claim or articulate a cause of action. (ECF No. 7-8.) Robinson did not initially respond, but

after the undersigned entered an Order to Show Cause, he filed a brief response on April 25, 2022. (ECF No. 15.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

To avoid dismissal for failure to state a claim under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

While courts liberally construe *pro se* pleadings, even a *pro se* complaint must satisfy the plausibility standard. Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to pro se litigants has limits."). "Courts 'have no obligation to act as counsel or paralegal' to *pro se* litigants." Matthews v. City of Memphis, No. 2:14-cv-02094,

2014 WL 3049906, at *1 (W.D. Tenn. July 3, 2014) (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). "Courts are also not 'required to create' a *pro se* litigant's claim for him." Id. (quoting Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003)).

Robinson's complaint, when liberally construed, seeks to assert claims of intentional infliction of emotional distress ("IIED") and negligence. To survive a motion to dismiss, the complaint must provide enough factual material to make Truist's liability for these claims plausible.

**B.    Intentional Infliction of Emotional Distress**

Under Tennessee law, IIED claims require a plaintiff to allege that "the defendant's conduct was (1) *intentional or reckless*, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff." Akers v. Prime Succession of Tennessee, Inc., 387 S.W. 3d 495, 502 (Tenn. 2012) (quoting Rogers v. Louisville Land Co., 367 S.W. 3d 196, 205 (Tenn. 2012)) (emphasis in original). "Mere insults, indignities, threats, annoyances, petty oppression, or other trivialities" will not sustain an IIED claim. Strong v. HMA Fentress Cty. Gen. Hosp., LLC, 194 F. Supp. 3d 685, 691 (M.D. Tenn. 2016) (quoting Swallows v. Western Electric Co., 543 S.W. 2d 581, 582-83 (Tenn. 1976)). The standard for outrageous conduct is high; only acts that are "'atrocious and utterly intolerable in a civilized community' may establish a claim for intentional infliction of emotional

- 4 -

distress." <u>Clark v. Hoops, LP</u>, No. 07-2367 JPM-tmp, 2008 WL 11320001, at *4 (W.D. Tenn. Jul. 1, 2008) (quoting <u>Levy v. Franks</u>, 159 S.W. 3d 66, 85 (Tenn. 2004)) (collecting cases). Criminal or tortious conduct does not necessarily satisfy this standard. <u>Lourcey v. Estate of Scarlett</u>, 146 S.W. 3d 48, 51 (Tenn. 2004).

Robinson's complaint does not allege any facts that approach outrageous conduct as defined by Tennessee law. The complaint, even liberally construed, does not make clear what exactly happened at the SunTrust bank location, why Robinson was asked to leave, or what specifically was said to him. The only other action alleged is that Truist closed Robinson's account without explanation or justification. This is not remotely comparable to other cases of outrageous conduct. <u>Hisel v. City of Clarksville</u>, No. 3:04-0924, 2007 WL 700983, at *15 (M.D. Tenn. Mar. 2, 2007) (collecting cases of outrageous conduct, including a photo store employee stealing and displaying a customer's nude photographs); <u>see also</u> <u>Jones v. Tenn. Valley Auth.</u>, 948 F.2d 258, 266 (6th Cir. 1991) (humiliation and harassment of plaintiff by work supervisors, including attempts to gain access to medical records and monitor communications, found not outrageous). Because the complaint does not allege any outrageous conduct, Robinson's claim for IIED must be dismissed.

**C.   Negligence**

Robinson's complaint also alleges that Truist owed him a "duty of care" and that they violated this duty by closing his account without explanation. Construed liberally, such an accusation amounts to an attempted claim of negligence.

To state a claim for negligence under Tennessee law, a plaintiff must allege facts to show "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause." West v. East Tennessee Pioneer Oil Co., 172 S.W. 3d 545, 550 (Tenn. 2005). The typical, common law duty owed to a plaintiff by a defendant is "that of reasonable care under all of the circumstances." Id. (citing Doe v. Linder Const. Co., 845 S.W. 2d 173, 177 (Tenn. 1992)). However, "[a]bsent special circumstances, Tennessee does not impose a common law duty on financial institutions with respect to their customers, depositors, or borrowers." Mhoon v. U.S. Bank Home Mortg., No. 12-cv-03053-JPM-tmp, 2013 WL 6858680, at *4 (W.D. Tenn. Dec. 30, 2013) (quoting Federal Nat. Mortg. Ass'n v. Carr, No. 3:12-cv-1295, 2013 WL 5755083, at *3 (M.D. Tenn. Oct. 23, 2013)). This is because "bank-depositor or debtor-creditor relationships generally involve arm's-length dealings[,]" Power & Tel. Supply Co. v. SunTrust Banks, Inc., 447 F.3d 923, 932 (6th Cir. 2006), in which parties "pursue their own self-interest and understand and expect that the

- 6 -

parties with whom they are dealing are doing likewise." <u>Fountain Leasing LLC v. Kloeber</u>, No. 3:12-CV-317, 2013 WL 4591622, at *6 (E.D. Tenn. Aug. 28, 2013) (quoting <u>Dick Broadcasting Co., Inc. of Tenn. v. Oak Ridge FM, Inc.</u>, 395 S.W. 3d 653, 674 (Tenn. 2013)). As these relationships tend to be based on contracts, the parties' obligations towards one another "generally arise only out of the contract itself" rather than from common law duties. <u>Permobil, Inc. v. American Exp. Travel Related Servs. Co., Inc.</u>, 571 F. Supp. 2d 825, 842 (M.D. Tenn. 2008).

While Robinson's complaint alleges that Truist owed him a duty of care, that is all it alleges. This statement, an unsupported legal conclusion, does not state a claim for negligence but instead merely recites one of its five elements under Tennessee law. Without facts, legal conclusions will not be credited at face value. <u>Iqbal</u>, 556 U.S. at 679. Further, the statement appears to be an incorrect legal conclusion. <u>See</u> <u>Mhoon</u>, 2013 WL 6858680, at *4. Robinson's other allegations all relate to Truist closing his account without justification. But without allegations of a special relationship beyond the typical bank-depositor relationship, Robinson's issues with Truist closing his account do not arise to a cognizable cause of action sounding in tort.

## III.  RECOMMENDATION

Based on the above, it is recommended that the defendant's Motion to Dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham
_____
TU M. PHAM
Chief United States Magistrate Judge

June 2, 2022
_____
Date


**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**